UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

PAUL THEIN,

        Plaintiff,

   v.

FEATHER RIVER COMMUNITY COLLEGE,

        Defendant.
_____/

Civ. No. 06-1777-FCD-GGH

MEMORANDUM AND ORDER

MICHELLE JAUREGUITO,

        Plaintiff,

   v.

FEATHER RIVER COMMUNITY COLLEGE,

        Defendant.
_____/

Civ. No. 06-2687-FCD-GGH

LAUREL WARTLUFT,

       Plaintiff,

   v.

FEATHER RIVER COMMUNITY COLLEGE,

        Defendant.
_____/

Civ. No. 06-2023-FCD-GGH

----oo0oo----

This matter is before the court on defendant Feather River Community College's ("Feather River" or "defendant") motions to stay the above-captioned actions[1] pursuant to the abstention doctrines set forth in <u>Younger v. Harris</u>, 401 U.S. 37 (1970), and <u>Colorado River Water Conservation Dist. v. United States</u>, 424 U.S. 800 (1976). After considering the memoranda filed by the parties, and for the reasons stated herein, defendant's motions to stay are DENIED.[2]

**BACKGROUND**

Plaintiffs Paul Thein ("Thein"), Laurel Wartluft ("Wartluft") and Michelle Jaureguito ("Jaureguito") (collectively, "plaintiffs") are all former employees of Feather River. Thein was hired in July of 1999 as the Dean of Students. (Compl. of Paul Thein ("Thein Compl."), filed August 9, 2006, ¶ 9.) In August of 2004, Thein was promoted to Vice President of Student Services and Institutional Development. (<u>Id.</u> ¶ 10.) Thein also served as Feather River's athletic director and was the school's Title IX coordinator. (<u>Id.</u> ¶ 11.)

In August of 2000, Jaureguito was hired as Director of Student Recruiting. (Compl. of Michelle Jaureguito ("Jaureguito Compl."), filed November 22, 2006, ¶ 10.) In 2002, Jaureguito was promoted to Talent Search Director. (<u>Id.</u>) In 2003,

---

[1] The court has determined that the above-entitled cases are related. See Related Case Order, Civ. No. 06-1777, Docket No. 23, Oct. 1, 2007.

[2] Because oral argument will not be of material assistance, the court orders these matters submitted on the briefs. E.D. Cal. L.R. 78-230(h).

2

1  Jaureguito was promoted again to Upward Bound/Talent Search
2  Director.  (<u>Id.</u>)
3       In June of 2005, Wartluft was hired as head coach of the
4  women's basketball team on a full-time, tenure-track basis.  (<u>Id.</u>
5  ¶ 15; Compl. of Laurel Wartluft ("Wartluft Compl."), filed Sept.
6  26, 2007, ¶ 24.)  Wartluft's hiring was authorized despite strong
7  opposition against making head women's basketball coach a full-
8  time, tenure-track position.  (Thein Compl. ¶¶ 12-15.)
9       Plaintiffs allege that they were each unlawfully terminated
10 from their employment at Feather River.  Thein alleges that his
11 termination was in response to his involvement in reporting that
12 a Feather River employee engaged in inappropriate conduct with
13 female Feather River and high school students.  (Thein Compl. ¶
14 46.)  Thein also alleges that he was terminated in response to
15 his attempts to seek equal treatment for female athletic teams
16 and coaches at Feather River.  (<u>Id.</u>)  Jaureguito alleges that her
17 termination was also in response to her reporting that the same
18 Feather River employee engaged in inappropriate conduct with
19 female Feather River and high school students.  (Jaureguito
20 Compl. ¶ 41.)  Wartluft alleges that she was terminated after she
21 sought equal treatment for female athletic teams and coaches at
22 Feather River.  (Wartluft Compl. ¶ 49.)
23      Based on the termination of their employment, each plaintiff
24 brought three separate actions against defendant.  First, in June
25 of 2006, plaintiffs each brought a "Whistle Blower Retaliation

1 Complaint" to the California State Personnel Board.[3]  A hearing
2 in these proceedings has been completed, and the parties are
3 awaiting a ruling.  On August 9, 2006, Thein filed a complaint in
4 this court for unlawful retaliation and discrimination in
5 violation of Title IX of the Education Amendment Act of 1972, 20
6 U.S.C. § 1681, *et seq*. ("Title IX").  On September 26, 2007,
7 Wartluft filed a complaint in this court also alleging unlawful
8 retaliation and discrimination in violation of Title IX.  On
9 November 7, 2006, all three plaintiffs brought individual actions
10 in Plumas County Superior Court.[4]  All three state court actions
11 were brought under California's Fair Employment and Housing Act,
12 California Government Code § 12900, *et seq*.  Wartluft's state
13 court action also included a claim based on California Labor Code
14 §§ 201 and 203.  Lastly, on November 22, 2006, Jaureguito filed a
15 complaint in this court also alleging unlawful retaliation and
16 discrimination in violation of Title IX.
17 /////
18 /////
19 /////
20 /////
21 /////
22 /////

---

[3]     The state personnel board actions were brought under California's Reporting by Community College Employees of Improper Governmental Activities Act, California Education Code § 87160, *et seq*., which is intended to provide whistleblower protection to community college employees.

[4]     All three state court complaints named Feather River and Susan Carroll as defendants.  Jaureguito's state court complaint also named Cameron Abbott as a defendant.

**STANDARD**

Based upon the foregoing, defendant seeks to stay each plaintiff's action brought in this court pursuant to both the Younger abstention doctrine and the Colorado River abstention doctrine.[5]

**A.   Younger abstention**

Generally stated, the Younger abstention doctrine "forbids federal courts from staying or enjoining pending state court proceedings." AmerisourceBergen Corp. v. Roden, 495 F.3d 1143, 1147 (9th Cir. 2007) (internal citations omitted). The doctrine derives from the United States Supreme Court's decision in Younger v. Harris, 401 U.S. 37 (1970). There, the Court held that a federal court was required to abstain from hearing a constitutional challenge that sought to enjoin an ongoing state criminal prosecution. Id. at 49. The Court based abstention on both constraining equity jurisdiction and the concern for comity in the federal system, with comity being the more "vital consideration." Gilbertson v. Albright, 381 F.3d 965, 970 (9th Cir. 2004) (citing Younger, 401 U.S. at 43-45).

Based on those same policies, the Court has since expanded the Younger doctrine and applied it to support abstention of federal court actions in favor of state administrative

---

[5] Although each plaintiff's action has some factual differences, the relevant facts and arguments to these motions are essentially identical. In fact, defendant consolidated its reply to plaintiffs' oppositions since the motion to stay each action and the corresponding oppositions presented similar arguments. Therefore, from this point forward, the order will refer to the plaintiffs collectively. Unless otherwise specified, all citations to the parties' arguments are from motions and supporting documents in Thein's action.

5

proceedings that are judicial in nature.  See Ohio Civil Rights Comm'n v. Dayton Christian Schools, 477 U.S. 619 (1986). Additionally, the Ninth Circuit expanded Younger to claims for damages.  Gilbertson, 381 F.3d at 979-980.[6]  When damages are sought, however, the action should be stayed, as opposed to dismissed, because a damages remedy "is not discretionary, and it may not be available in the state proceeding." Id. at 980.

The evolution of Younger abstention through the Supreme Court and the Ninth Circuit has produced a four-part test for determining whether abstention is proper.  First, there must be an ongoing state judicial proceeding; second, the proceedings must implicate important state interests; third, the state proceeding must provide an adequate opportunity to raise federal claims; and fourth, the policies behind the Younger doctrine must be implicated by the action sought in federal court. AmerisourceBergen, 495 F.3d at 1148-1149.  The fourth element is met if the federal court action "would enjoin, or have the practical effect of enjoining, ongoing state court proceedings."[7] Id. at 1149.  Abstention is proper "only if all four Younger requirements [are] strictly satisfied." Id.

---

[6] The Supreme Court has not decided whether Younger abstention applies to claims for damages, although the plurality of circuit courts have applied Younger abstention to damages claims.  Gilbertson, 381 F.2d at 978.  Some of the Court's Justices have, however, suggested that Younger should apply to damages claims.  See Deakins v. Monaghan, 484 U.S. 193, 207-208 (1988) (White, J. concurring).

[7] Originally, direct interference with the state proceeding was considered a threshold requirement for application of Younger abstention.  See Green v. City of Tucson, 255 F.3d 1086, 1098 (9th Cir. 2001), abrogated by Gilbertson, 381 F.3d at 968-969.

6

B.     **Colorado River** **Abstention**

Defendant also contends that this case should be stayed pursuant to the abstention doctrine set forth by the Supreme Court in Colorado River Water Conservation Dist. v. United States, 424 U.S. 800 (1976).  This doctrine provides that in the presence of a concurrent state court proceeding, a federal court can abstain from hearing an action based on "considerations of [w]ise judicial administration, giving regard to conservation of judicial resources and comprehensive disposition of litigation." Id. at 817.

"Abstention from the exercise of federal jurisdiction is the exception, not the rule."  Id. at 813.  "Generally, as between state and federal courts, the rule is that 'the pendency of an action in the state court is no bar to proceedings concerning the same matter in the Federal court having jurisdiction.'"  Id. at 817 (quoting McClellan v. Carland, 217 U.S. 268, 282 (1910)). Therefore, the application of the Colorado River doctrine can be justified "only in the exceptional circumstances where the order to the parties to repair to the State court would clearly serve an important countervailing interest." Id. at 813 (internal citations omitted).  As such, "the circumstances permitting the dismissal of a federal suit due to the presence of a concurrent state proceeding for reasons of wise judicial administration are considerably more limited," though these circumstances "do nevertheless exist."  Id. at 818.

The Supreme Court has set forth various factors that a district court should consider when assessing the appropriateness of a stay or dismissal in light of concurrent state court

7

1  proceedings.  These factors include (1) assumption by either
2  court of jurisdiction over the res or property at dispute in the
3  lawsuit; (2) the inconvenience of the federal forum, (3) the
4  desirability of avoiding piecemeal litigation, and (4) the order
5  in which jurisdiction was obtained by the concurrent forums.  Id.
6  at 818.  In Moses H., the court also found relevant to the
7  inquiry (5) whether federal law provides the decision on the
8  merits, and (6) the probable inadequacy of the state court
9  proceeding to protect the parties' rights.  Moses H. Cone
10 Memorial Hospital v. Mercury Construction Corp., 460 U.S. 1, 23,
11 26 (1983).  Further, the Ninth Circuit has recognized that forum
12 shopping can in some cases justify Colorado River abstention.
13 Fireman's Fund Ins. Co. v. Quackenbush, 87 F.3d 290, 297 (9th
14 Cir. 1996) (citing Travelers Indem. Co. v. Madonna, 914 F.2d
15 1364, 1371 (9th Cir. 1990)).  However, "[n]o one factor is
16 necessarily determinative; a carefully considered judgment taking
17 into account both the obligation to exercise jurisdiction and the
18 combination of factors counseling against that exercise is
19 required."  Id. at 818-19 (citing Landis v. N. Am. Co., 299 U.S.
20 248, 254-55 (1936)).  The factors are "to be applied in a
21 pragmatic, flexible manner with a view to the realities of the
22 case at hand."  Moses H., 460 U.S. at 21.

**ANALYSIS**

**A.  Judicial Estoppel**

25     At the outset, plaintiffs contend that defendant should not
26 be able to present to this court its argument that a stay of
27 these actions is warranted.  According to plaintiffs, defendant
28 has requested a stay in the two state proceedings, arguing in

1 those proceedings that *this court* is the appropriate forum for
2 plaintiffs to bring their actions. (Opp'n 4:18-19.)  As such,
3 plaintiffs contend that defendant's arguments raised in the state
4 proceedings are inconsistent to the arguments raised here, which
5 contend that the *state proceedings* are the appropriate forums.
6 (Id. at 4:23-25)  Therefore, plaintiffs assert that defendant
7 should be judicially estopped from raising its arguments here.

8     "Judicial estoppel precludes a party from asserting a
9 position in a current legal proceeding which is contrary to the
10 position that party previously asserted in another."  Stevens
11 Tech. Servs., Inc. v. S.S. Brooklyn, 885 F.2d 584, 588
12 (9th Cir. 1989).  "[C]ircumstances under which judicial estoppel
13 may appropriately be invoked are probably not reducible to any
14 general formulation of principle."  New Hampshire v. Maine, 532
15 U.S. 742, 750 (2001) (citing Allen v. Zurich Ins. Co., 667 F.2d
16 1162, 1166 (4th Cir. 1982)).  Nevertheless, several factors are
17 helpful in determining whether judicial estoppel should apply in
18 a given case.  First, a party's later argument must be "clearly
19 inconsistent" with the earlier one.  New Hampshire, 532 U.S. at
20 750 (internal citations omitted).  Second, courts inquire into
21 whether the party has persuaded the previous court to accept the
22 earlier argument, "so that judicial acceptance of an inconsistent
23 position in a later proceeding would create the perception that
24 either the first or the second court was misled."  Id. (internal
25 citations omitted).  Absent success in a prior proceeding, the
26 later inconsistent position does not pose a risk of inconsistent
27 court determinations, and is therefore not a threat to judicial
28 integrity.  Id.  "A third consideration is whether the party

9

seeking to assert an inconsistent position would derive an unfair advantage or impose an unfair detriment on the opposing party if not estopped." Id.

Even accepting as true plaintiffs' position that defendant has presented inconsistent arguments in these actions and in the state proceedings, defendant is not properly estopped from presenting to this court its arguments for a stay. Significantly, plaintiffs have not established that the state court and state personnel board have been persuaded by defendant's arguments. Plaintiffs instead state only that the arguments have been advanced in the state proceedings. Accordingly, a decision by this court would not pose any risk of an inconsistent court determination and would not be a threat to "judicial integrity." See New Hampshire, 532 U.S. at 750.

Moreover, defendant will not gain any unfair advantage, nor will plaintiffs suffer any unfair detriment, if this court allows defendant to proceed with its arguments in favor of a stay. Defendant has requested that these actions be stayed pursuant to the Younger and Colorado River abstention doctrines. Both doctrines take into account whether a party can raise its federal claims in state court. See AmerisourceBergen, 495 F.3d at 1148-1149 (under Younger abstention, state proceedings must provide an adequate opportunity to raise federal claims) and Moses H., 460 U.S. at 23 (probable inadequacy of the state court proceedings considered under Colorado River abstention). Should this court decide to abstain under either doctrine, it will have necessarily determined that the state proceedings provide a sufficient opportunity to raise the claims brought here.

1 Moreover, defendant has requested that these actions be stayed,
2 not dismissed.  This means that even if this court abstains, the
3 federal forum will remain open to plaintiffs in the future.
4 Accordingly, no unfair advantage will be gained by defendant, and
5 no unfair detriment will be suffered by plaintiffs.  Therefore,
6 the court does not judicially estop defendant from arguing that
7 stays are warranted.

**B.   Younger Abstention**

Defendant argues that these actions should be stayed in favor of the state proceedings[8] pursuant to the Younger abstention doctrine.  In making its argument in favor of a stay, defendant never addresses the fourth element of Younger abstention: whether these actions "would enjoin, or have the practical effect of enjoining, ongoing state court proceedings." AmerisourceBergen, 495 F.3d at 1149.  This element, however, is "vital and indispensable" when determining the applicability of Younger abstention.  Id.

/////
/////

---

[8] Thein and Wartluft brought their actions in this court after initiating their state personnel board proceedings but before bringing their state court actions.  Therefore, in these two actions, only the state personnel board proceedings are relevant in determining the applicability of Younger abstention. See Weiner v. County of San Diego, 23 F.3d 263, 266 (9th Cir. 1994) (for Younger abstention to apply, state court proceedings must already be underway when the federal action is brought). Jaureguito brought her federal action after initiating both state proceedings, meaning both state proceedings are relevant in determining the applicability of Younger abstention.  See id. Nonetheless, plaintiffs' claims will be discussed collectively since the analysis is the same whether only the state personnel board proceedings are at issue, or if both state proceedings are at issue, as both state proceedings are essentially similar for purposes of this discussion.

11

Under this element, "the mere potential for conflict in the results of adjudications does not, without more, warrant staying exercise of federal jurisdiction, much less abdicating it entirely." Id. at 1151 (citing Colorado River, 424 U.S. at 816). "Each court is free to proceed in its own way and in its own time, without reference to the proceedings in the other court." Id. at 1151-1152 (citing Kline v. Burke Const. Co., 260 U.S. 226, 230 (1922)). If a judgment is entered in one court and pleaded in the other, the effect of the first judgment is to be determined based on principles of claim or issue preclusion by the court in which the action is still pending through "orderly exercise of its jurisdiction, as it would determine any other question of fact or law arising in the progress of the case." Id. (citing Kline, 260 U.S. at 230).

Defendant does not contend that the impact these actions will have on the state proceedings would be anything beyond a potential claim or issue preclusive effect.[9] As such, these actions will not enjoin or have the practical effect of enjoining the state proceedings. See AmerisourceBergen, 495 F.3d at 1152. Each tribunal is still free to proceed "in its own way." Id. Should a judgment be rendered in these actions or in the state proceedings, the other tribunals would then consider the claim or issue preclusive effects as they would any other question of fact or law. Thus, "concurrent consideration, not abstention, is the

---

[9] Defendant's purpose for seeking a stay appears to be preventing plaintiffs from raising the same issues here as they did in the state proceedings. (MTS 8:4-8). To the extent defendant is concerned with duplicative litigation taking place in federal court, that issue is more appropriately addressed under the Colorado River abstention doctrine.

solution." AmerisourceBergen, 495 F.3d at 1152.  Accordingly, defendant's motions to stay these actions based on the Younger abstention doctrine are DENIED.

**C.   Colorado River Abstention**

Defendant next contends that these actions should be stayed based on the Colorado River abstention doctrine.  Initially, the parties dispute whether these actions and the two state proceedings constitute parallel litigation for the purpose of Colorado River abstention.  Defendant asserts that these actions and the state proceedings are parallel because they arise out of the same set of facts and will involve the same discovery, witnesses and other evidence.  (MTS 9:21-23.)  Plaintiffs counter that these actions and the state proceedings are not parallel because the claims here are brought under Title IX, while the state court proceedings involve state law claims.  (Opp'n 9:18-20.)

For Colorado River abstention to apply, exact parallelism is not required.  Nakash v. Marciano, 882 F.2d 1411, 1416 (9th Cir. 1989).  "It is enough if the two proceedings are 'substantially similar.'"  Id.; Quackenbush, 87 F.3d at 297.  A proceeding is substantially similar if "substantially the same parties are contemporaneously litigating substantially the same issues in another forum."  Interstate Material Corp. v. City of Chicago, 847 F.2d 1285, 1288 (7th Cir. 1988).

The plaintiffs and defendant involved in these actions are also parties to the two state court proceedings.  (Johnson Decl., Exs. 1-3.)  The issues in these actions and the two state court proceedings are also similar since they involve discrimination

13

and retaliation based on the same set of occurrences.  Therefore, even though these actions and the state proceedings involve different claims, they are still substantially similar and constitute parallel litigation for purposes of Colorado River abstention.

As to the remaining Colorado River factors, there is no res at issue in these actions.  Inconvenience of the federal forum also does not weigh toward abstention as the parties are already involved in two state proceedings within this judicial district.

The piecemeal litigation factor weighs somewhat in favor of a stay.  "Piecemeal litigation occurs when different tribunals consider the same issue, thereby duplicating efforts and possibly reaching different results."  Am. Int'l Underwriters, 843 F.2d at 1258.  As noted above, the issues here and in the state proceedings, although brought under different legal theories, are substantially similar.  As a result, these issues are subject to being resolved inconsistently here and in the state proceedings.

Next, the order in which jurisdiction was obtained also weighs in favor of a stay.  "[P]riority should not be measured exclusively by which complaint was filed first, but rather in terms of how much progress has been made in the two actions."  Moses H., 460 U.S. at 22.  In the state personnel board proceedings, a hearing has been completed and the parties are awaiting a ruling.  (MTS 3:17-18; Opp'n 3:28.)  The state court actions, on the other hand, have proceeded no further than this action.  (MTS 3:5-6.)  Nonetheless, the progression of the personnel board hearing compared to these actions still weighs in favor of a stay.

14

1   Federal law will be used to decide the merits of these
2 actions since plaintiffs brought their respective complaints
3 based on violations of Title IX, a federal statute.  "[T]he
4 presence of federal-law issues must always be a major
5 consideration weighing against abstention," although the factor
6 is less significant when state and federal courts have concurrent
7 jurisdiction.  Moses H., 460 U.S. at 26; Nakash, 882 F.2d at
8 1416.  State courts, as courts of general jurisdiction, have
9 authority to hear Title IX claims.  Still, the presence of a
10 federal question weighs against a stay.

11   The final factor--inadequacy of the state court proceeding
12 to protect the parties' rights--is also the most telling.
13 Defendant states that it is not seeking "abdication" but instead
14 seeks a stay of these actions "until the factual determinations
15 have been finalized in the [state personnel board] actions."
16 (Reply to Opp'n ("Reply"), filed June 13, 2008, 8:1-2.)
17 Defendant also maintains that the stays it seeks is "nowhere near
18 as drastic as a dismissal."  (Id. at 7:28.)

19   This reason for pursuing abstention pursuant to Colorado
20 River is inconsistent with the spirit of the doctrine.  "When a
21 district court decides to dismiss or stay under Colorado River,
22 it presumably concludes that the parallel state-court litigation
23 will be an adequate vehicle for the *complete* and prompt
24 resolution of the issues between the parties."  Moses H., 460
25 U.S. at 28 (emphasis added).  "If there is any substantial doubt
26 as to this, it would be a serious abuse of discretion to grant
27 the stay or dismissal at all."  Id.  "Thus, the decision to
28 invoke Colorado River necessarily contemplates that the federal

15

1 court will have nothing further to do in resolving any
2 substantive part of the case, whether it stays or dismisses."
3 Id.
4     In these actions, defendant has not contended that this
5 court will have "nothing further to do" if stays are issued.
6 Instead, defendant is asking this court to take a wait-and-see
7 approach, regardless of what will be left for this court to do
8 once the state proceedings have been completed.  Since this
9 court's involvement may be required at a later time even if stays
10 are issued, the state proceedings may not be adequate to protect
11 the rights of the parties.  As such, this factor weighs strongly
12 against abstention.
13     In sum, the court recognizes that Colorado River abstention
14 is a narrow exception, appropriate only in extraordinary
15 circumstances.  See Quackenbush, 87 F.3d at 297; O'Neill v.
16 United States, 50 F.3d 677, 688 (9th Cir. 1995).  Although some
17 factors weigh in favor of staying these actions, a "careful
18 balancing" of all factors reveals that these cases do not present
19 extraordinary circumstances warranting a stay.  Accordingly,
20 defendant's motions to stay these actions pursuant to Colorado
21 River abstention are DENIED.

## CONCLUSION

23     Federal courts have a "virtually unflagging obligation" to
24 exercise the jurisdiction given them.  Colorado River, 424 U.S.
25 at 817.  "Abstention from the exercise of federal jurisdiction is
26 the exception, not the rule."  Id. at 813.  Accordingly, for the
27 foregoing reasons, defendant has failed to justify why this court
28 should abstain under either Younger or Colorado River abstention

16

1 | from hearing plaintiffs' actions.  Therefore, defendant's motions
2 | to stay are DENIED.
3 |     IT IS SO ORDERED.
4 | DATED: July 15, 2008

_____
FRANK C. DAMRELL, Jr.
UNITED STATES DISTRICT JUDGE