UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

PAUL THEIN,

         Plaintiff,

   v.

FEATHER RIVER COMMUNITY COLLEGE, et al.,

         Defendants.

NO. CIV. S-06-1777 FCD/GGH

MEMORANDUM AND ORDER

----oo0oo----

This matter is before the court on plaintiff Paul Thein's ("plaintiff") motion to modify the pretrial scheduling order to extend all pretrial dates in light of related administrative proceedings before the California State Personnel Board ("SPB") which plaintiff contends may have an impact on this litigation.[1] Fed. R. Civ. P. 16(b).  In this action as well as in the SPB matter, plaintiff alleges the community college district retaliated against him, by failing to renew his employment

---

[1] Because oral argument will not be of material assistance, the court orders this matter submitted on the briefs. E.D. Cal. L.R. 230(g).

1

1  contract, because of his complaints of alleged Title IX
2  violations by the district and possible criminal activity by a
3  district employee.  Defendants Feather River Community College
4  District and Susan Carroll ("defendants") oppose the motion to
5  the extent plaintiff seeks to reopen the discovery and expert
6  witness disclosure deadlines, arguing those deadlines have since
7  expired and plaintiff cannot show good cause to permit further
8  discovery or time to disclose experts.  However, as to those
9  deadlines which have not yet expired, including the dispositive
10 motion, final pretrial conference and trial dates, defendants do
11 not oppose the motion and agree to the six month extension
12 requested by plaintiff.  (Opp'n, filed Feb. 9, 2010 [Docket
13 #53].)
14      At the request of the parties, on several previous occasions
15 the court modified the pretrial scheduling order due to the
16 related SPB administrative proceedings and the parties' mediation
17 efforts.  Following these extensions, the parties engaged in
18 significant discovery, including some 37 depositions and the
19 production of thousands of pages of documents in response to
20 extensive written discovery requests.  (Hippo Decl., filed Feb.
21 9, 2010 [Docket #54].)
22      However, after October 2007, the parties have not engaged in
23 any discovery.  Since that time, the SPB proceedings have
24 continued, and at various times, the parties stipulated, and the
25 court approved, further extensions of the pretrial deadlines in
26 this case in light of the SPB proceedings, as well as the
27 substitution of new counsel into this case.  (Id.)
28

In July 2009, the SPB rejected the administrative law judge's 194-page recommended decision, rendered after a 13-day trial, and set the matter for further briefing to be completed by October 15, 2009. The SPB set the matter for hearing on November 9, 2009. The SPB has yet to render its final decision. Plaintiff contends that the Board's decision may impact this case, including requiring additional discovery.[2] (Royer Decl., filed Dec. 7, 2009.)

Defendants contend, on the other hand, that there has been sufficient time for discovery in this case, and that plaintiff knew since July 2009 that the SPB's decision would not be rendered before the November 6, 2009 close of discovery. Despite this knowledge, plaintiff waited until after the close of discovery to request a stipulation from defendants, and even after defendants informed plaintiff they would not agree to any further extensions of the discovery period, plaintiff waited an additional month to file the instant motion. At that point, most of the expert witness deadlines had also expired. (See generally Hippo Decl.)

While defendants agree that the SPB's final decision may result in settlement discussions or motion practice obviating the need for a trial (and thus agree to continue the dispositive motion and trial dates), they oppose any further discovery, general or expert.

---

[2] Plaintiff does not further explain this contention. He states simply the generalized assertion that: "The SPB decision will impact the need for further discovery. Furthermore, it is anticipated that one or both parties will take a writ to challenge the eventual SPB decision." (Mem. of P. & A., filed Dec. 12, 2009, at 2:5-7 [Docket #51].)

3

1    A pretrial order "shall not be modified except upon a
2 showing of good cause." Fed. R. Civ. P. 16(b). The district
3 court may modify the pretrial schedule "if it cannot reasonably
4 be met despite the diligence of the party seeking the extension."
5 Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 609 (9th Cir.
6 1992) (quoting Fed. R. Civ. P. 16, advisory committee's notes
7 (1983 amendment)). The "good cause" standard set forth in Rule
8 16 primarily focuses upon the diligence of the party requesting
9 the amendment. "Although the existence or degree of prejudice to
10 the party opposing the modification might supply additional
11 reasons to deny a motion, the focus of the inquiry is upon the
12 moving party's reasons for seeking modification." Id.

13    Here, plaintiff has not acted diligently in requesting the
14 instant relief. Plaintiff has not engaged in any discovery since
15 October 2007, and he knew of the SPB's still pending decision, in
16 July 2009, well before the close of discovery in November 2009.
17 Indeed, plaintiff's new counsel has had over 15 months, since he
18 substituted in as counsel in September 2008, to engage in
19 discovery. Yet, since that time, plaintiff has served no
20 discovery whatsoever. Such conduct does not constitute good
21 cause under Rule 16(b). Hernandez v. Mario's Auto Sales, Inc.,
22 615 F. Supp. 2d 488, 492 (S.D. Tx. 2009) (the "good cause
23 standard requires the 'party seeking relief to show that the
24 deadlines cannot reasonably be met despite the diligence of the
25 party needing the extension'"); Pritchard v. Dow Agro Sciences,
26 255 F.R.D. 164, 175 (W.D. Penn. 2009) (holding that to establish
27 "good cause," the party seeking an extension should show that
28 more diligent pursuit of discovery "was impossible").

4

    Moreover, plaintiff delayed seeking relief from the court. If he believed that the SPB's final decision may result in the need for further discovery in this case, he should not have waited until discovery closed to seek relief from the court. <u>Pritchard</u>, 255 F.R.D. at 177 (recognizing that a party must make a "timely request" for relief under Rule 16, demonstrating why it was unfeasible to meet the scheduled deadlines). The SPB rejected the administrative law judge's decision in July 2009; the Board requested further briefing to be completed in October 2009 and set the matter for hearing on November 9, 2009. Discovery was set to close on November 6, 2009. Thus, plaintiff should have moved for the instant relief prior to the close of discovery (see <u>Nidds v. Schindler Elevator Corp.</u>, 113 F.3d 912, 921 (9th Cir. 1997)); instead, he waited until a month after the close of discovery, when expert disclosures were also due, to move the court for an extension. Because plaintiff did not act diligently, the court must deny his request to extend those deadlines which have since expired, including the discovery and expert witness disclosure deadlines.

    Accordingly, considering defendants' opposition to the motion and finding good cause to grant the motion only as to the unexpired deadlines, the court GRANTS in PART plaintiff's motion. The court's pretrial scheduling order of April 20, 2009 (Docket #50) is HEREBY modified as follows:

| | |
|---|---|
| Dispositive Motion Deadline: | October 8, 2010 |
| Final Pretrial Conference: | December 10, 2010 at 1:30 p.m. |
| Trial: | February 15, 2011 at 9:00 a.m. |

1    Discovery and all relevant deadlines regarding expert
2 witness disclosures are not extended.
3    IT IS SO ORDERED.
4 DATED: February 23, 2010

_____
FRANK C. DAMRELL, JR.
UNITED STATES DISTRICT JUDGE