UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PAUL THEIN,<br><br>       Plaintiff,<br><br>  v.<br><br>FEATHER RIVER COMMUNITY COLLEGE,<br><br>       Defendant. | No. 2:06-CV-1777 KJM GGH |
| MICHELLE JAUREGUITO,<br><br>       Plaintiff,<br><br>  v.<br><br>FEATHER RIVER COMMUNITY COLLEGE,<br><br>       Defendant. | No. 2:06-CV-2687 KJM GGH |
| LAUREL WARTLUFT,<br><br>       Plaintiff,<br><br>  v.<br><br>FEATHER RIVER COMMUNITY COLLEGE,<br><br>       Defendant. | No. 2:07-CV-2023 KJM GGH<br><br>ORDER |

On August 6, 2013, this court entered an order granting in part and denying in part defendant's request for an award of costs. ECF No. 79 (Thein docket). The court rejected

1

defendants' request to recover costs for depositions taken in connection with proceedings before the State Personnel Board (SPB), among other things, despite the connection between the SPB proceedings and these actions. *Id*. at 3-4. The court directed defendant to submit amended bills of costs. Plaintiffs have objected to portions of these amended statements.

Rule 54(d) of the Federal Rule of Civil Procedure provides that "[u]nless a federal statute, these rules, or a court order provides otherwise, costs—other than attorney's fees—should be allowed to the prevailing party." FED. R. CIV. P. 54(d)(1). "Rule 54(d) creates a presumption for awarding costs to prevailing parties; the losing party must show why costs should not be awarded." *Save Our Valley v. Sound Transit*, 335 F.3d 932, 944–45 (9th Cir. 2003). "A district court need not give affirmative reasons for awarding costs; instead, it need only find that the reasons for denying costs are not sufficiently persuasive to overcome the presumption in favor of an award." *Id*. at 945.

Title 28 U.S.C. section 1920 enumerates the expenses a federal court may tax as costs under Rule 54(d). *Crawford Fitting Co. v. J.T. Gibbons, Inc*., 482 U.S. 437, 441–45 (1987). Although a district court has broad discretion to allow or disallow a prevailing party to recoup the ordinary costs of litigation, the court may not rely on that discretion to tax costs beyond those authorized by § 1920. *Id*.; *see also Frederick v. City of Portland*, 162 F.R.D. 139, 142 (D. Or. 1995). Nevertheless, courts are free to construe the meaning and scope of the items enumerated as taxable costs in section 1920. *Alflex Corp. v. Underwriters Lab., Inc*., 914 F.2d 175, 177 (9th Cir. 1990) (per curiam).

In each amended bill, defendant has provided a copy of a "Case Statement" from a reporting service seeking fees for various transcripts in addition to the fees for the depositions themselves, memorialized in different bills. *See* ECF No. 80 at 24-25 (Thein docket); ECF No. 93 at 27-28 (Jaureguito docket); ECF No. 67 at 25-26 (Wartluft docket). Defendant seeks one-third of these costs, or $497.90, from each plaintiff. *Id*. Plaintiffs object, noting that defendant has not identified the purpose of these fees and that many relate to depositions related to SPB proceedings. As plaintiffs point out, defendant has presented individual invoices for the

/////

1 | depositions and has failed to identify the purpose of these additional fees. Accordingly, the costs
2 | will be reduced by $497.70 for each plaintiff.

3 |       Plaintiff Jaureguito also objects to a fee for a subpoena duces tecum served on
4 | AAUW California. ECF No. 93 at 32 (Jaureguito docket). Plaintiff Jaureguito says that no
5 | deposition was scheduled for AAUW and so defendant cannot recover the cost of a subpoena
6 | duces tecum. Section 1920(3) lists "fees and disbursements for . . . witnesses" as a recoverable
7 | cost. Courts have found that fees for a subpoena duces tecum served on a person who was not a
8 | witness are not recoverable costs. *Long v. Howard Univ.*, 561 F. Supp. 2d 85, 97-98 (D.D.C.
9 | 2008); *Perry v. City of Chicago*, No. 08 C 4730, 2011 WL 612342, at *3 n.5 (N.D. Ill. Feb. 15,
10 | 2011). The costs taxed against plaintiff Jaureguito will be further reduced by $80.21.

11 |       Accordingly, IT IS HEREBY ORDERED that defendant is entitled to the
12 | following award of costs:
13 |     1. $6961.49 taxed against plaintiff Thein;
14 |     2. $10,357.25 taxed against plaintiff Jaureguito; and
15 |     3. $8933.53 taxed against plaintiff Wartluft.
16 | DATED: September 24, 2013.

                              UNITED STATES DISTRICT JUDGE